1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   DENNIS WANGOMBE KARIMI,              Case No. SACV 15-1492 RSWL (SS)

12                    Petitioner,
                                          **ORDER DISMISSING HABEAS ACTION**
13        v.
                                          **WITHOUT PREJUDICE**
14   LORETTA F. LYNCH, Attorney
     General,
15
                     Respondent.
16

17

18        On   September   15,   2015,   Dennis   Wangombe   Karimi

19   ("Petitioner"), an immigration detainee proceeding pro se, filed

20   a document entitled "Petition for Writ of Coram Nobis" (the

21   "Petition").  A petition for a writ of error coram nobis seeks an

22   extraordinary remedy, but may be available for a foreign national

23   in removal proceedings to seek dismissal of a fully served

24   conviction that is the basis for deportation.  U.S. v. Chan, 792

25   F.3d 1151, 1153 (9th Cir. 2015).

26

27

28

1    Petitioner does not, however, seek to dismiss his conviction
2  or even identify his actual conviction.  It appears from the
3  contents of Petitioner's filing that he is not challenging the
4  legality of his conviction or otherwise claiming to be in custody
5  in violation of the Constitution or the laws or treaties of the
6  United States.  (See Petition at 1-2).  The Court need neither
7  grant the writ nor order a return if "it appears from the
8  application that the applicant or person detained is not entitled
9  thereto."   28 U.S.C. § 2243; see also Rule 4 of the Rules
10  Governing Section 2254 Cases in the United States District
11  Courts.

12

13    The Petition does not appear to seek habeas relief.
14  Instead, Petitioner complains about the conditions of his
15  confinement as an immigration detainee.  (See Petition at 1).
16  Petitioner's claims are difficult to understand, but he complains
17  about access to a law library and a lack of recreation.  (Id.).
18  Petitioner appears to complain solely about the conditions of his
19  custody, not the illegality of the detention itself.

20

21    Thus, the Court concludes that the jurisdictional requisite
22  for a section 2241 habeas petition has not been met.  See
23  Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ
24  of habeas corpus is limited to attacks upon the legality or
25  duration of confinement."); see also Badea v. Cox, 931 F.2d 573,
26  574 (9th Cir. 1991) (explaining the distinction between a habeas
27  action and a civil rights action); Hartman v. Summers, 878 F.
28  Supp. 1335, 1347 n.15 (C.D. Cal. 1995) ("[T]he Ninth Circuit has

2

1  made clear that habeas petitions are limited to attacks upon

2  legality or duration of confinement.").

3

4     The Court has also considered whether to ignore the

5  erroneous labeling of the Petition and construe this pleading as

6  a civil rights complaint.  See Hanson v. May, 502 F.2d 728, 729

7  (9th Cir. 1974) ("Despite the labeling of his complaint [as a

8  habeas petition], [the petitioner] was, therefore, entitled to

9  have his action treated as a claim for relief under the Civil

10 Rights Act."); Wilwording v. Swenson, 404 U.S. 249, 251 (1971)

11 ("Petitioners were therefore entitled to have their actions

12 treated as claims for relief under the Civil Rights Acts

13 . . . .").  However, there are procedural and pleading

14 requirements for a civil rights action that are not clear from

15 the face of the current Petition.  Thus, the Court concludes that

16 the more appropriate course is to dismiss this habeas action

17 without prejudice.  The Court provides Petitioner with a blank

18 civil rights complaint form in the event he wishes to re-file

19 this matter as a civil rights action.

20

21     Consistent with the foregoing, IT IS ORDERED that Judgment

22 be entered dismissing this action without prejudice.  IT IS

23 \\

24 \\

25 \\

26 \\

27 \\

28 \\

1   FURTHER ORDERED that the Clerk of Court serve a copy of this

2   Order and the Judgment on Petitioner at his current address of

3   record.

4

5        LET JUDGMENT BE ENTERED ACCORDINGLY.

6

7   DATED:January 7, 2016

8                              /s/Ronald S. W. Lew
                               RONALD S. W. LEW
9                              SENIOR UNITED STATES DISTRICT JUDGE

10

11  PRESENTED BY:

12

13  _____/S/_____
    SUZANNE H. SEGAL
14  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              4